# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-3067
LT Case Nos. 2022-CF-332
2022-CF-333
2022-CF-334
2022-CF-335

_____

JOSEPH YOUNGBLOOD,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Sumter County.
Mary Hatcher, Judge.


Matthew J. Metz, Public Defender, and Victoria Rose
Cordero, Assistant Public Defender, Daytona Beach, for
Appellant.

James Uthmeier, Attorney General, Tallahassee, and Stephen R.
Putnam, Jr., Assistant Attorney General, Daytona Beach, for
Appellee.

ON MOTION FOR REHEARING EN BANC

April 11, 2025

PER CURIAM.

On the motion of a judge in regular active service on the Court, it was requested that a vote be taken on the motion in accordance with Florida Rule of Appellate Procedure 9.331(d)(1). All judges in regular active service that have not been recused voted on the motion. Less than a majority of those judges voted in favor of rehearing en banc. Accordingly, the motion for rehearing en banc is denied.

DENIED.

EDWARDS, C.J., and MAKAR, WALLIS, LAMBERT, HARRIS, and BOATWRIGHT, JJ., concur.
JAY, EISNAUGLE, SOUD, KILBANE, MACIVER, and PRATT, JJ., dissent.
EISNAUGLE, J., dissents with opinion, in which KILBANE and PRATT, JJ., concur.

EISNAUGLE, J., dissenting on denial of rehearing en banc.

I dissent from the denial of rehearing en banc in these cases. The panel majority remanded for correction of the scoresheet to reflect the correct sentence Appellant received in Case Nos. 2022-CF-334 and 2022-CF-335. These errors have no effect on the written sentences and are harmless to Appellant. The panel majority also remanded for correction of the judgment to require Appellant to submit DNA samples. This error harms the government.

Our court and other district courts have, from time to time, corrected these types of errors in *Anders* cases. *See Flowers v. State*, 395 So. 3d 1077, 1077 (Fla. 5th DCA 2024) (concluding that there was no prejudicial error to Appellant in the record, but remanding "for entry of an amended sentencing order in which the ten-year mandatory minimum sentences are imposed"); *Dubuc v. State*, 345 So. 3d 961, 962 (Fla. 5th DCA 2022); *Waller v. State*, 282 So. 3d 1004, 1004 (Fla. 1st DCA 2019). But we have not identified the basis of our authority to do so, and we have not decided whether correction is mandatory or discretionary.

Whether an appellate court has authority, in the context of an *Anders* case where the State has not filed a notice of appeal or an initial brief, to correct these types of errors concerns both the proper scope of our *Anders* review (which is anchored in the constitutional right to counsel), *see Smith v. Robbins*, 528 U.S. 259, 264 (2000), and a court's role within the constitution's separation of powers. Given these constitutional underpinnings, whether we have authority to correct these types of errors, and if so, whether correction is mandatory or discretionary, are questions of exceptional importance. *See* Fla. R. App. P. 9.331(d). We should decide these issues en banc.

3